IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED
09/22/2025
LAURA A. AUSTIN, CLERK
BY: /s/ Amy Fansler
     DEPUTY CLERK

| | |
|---|---|
| MAGNATE, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 5:23-cv-00070 |
| | ) |
| UNITED STATES ENVIRONMENTAL | ) By: Elizabeth K. Dillon |
| PROTECTION AGENCY, | )     Chief United States District Judge |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a pro se filing by Mr. Darryl W. Bates, acting on behalf of plaintiff Magnate, LLC (Magnate), which includes three separate motions: (1) Motion to Reconsider Order; (2) Motion to Disqualify Counsel for the Defense; and (3) Motion to Remand to Judge Urbanski's Court. (Dkt. No. 20.) For the reasons set forth below, the court will deny Magnate's three motions.

I. BACKGROUND

On November 5, 2023, Magnate, through counsel, filed a lawsuit against the EPA, alleging fraudulent signage posted on Magnate's building. (Compl., Dkt. No. 1.) The following day, Magnate's counsel was suspended from practicing law for six months, effective November 6, 2023. (Dkt. No. 9, ¶ 2.) On December 11, 2023, Magnate's counsel was terminated on the docket. On January 16, 2024, Mr. Bates, acting pro se on behalf of Magnate, filed a corporate disclosure statement. (Dkt. No. 4.) Summons was issued on January 31, 2024, and service of the complaint was effectuated on February 2, 2024. (Dkt. Nos. 6, 8.)

Subsequently, on April 2, 2024, EPA moved the court for a stay of time to file an answer or otherwise respond to the complaint, pending a decision by the Fourth Circuit in an appeal

involving a separate case filed by Magnate against the EPA, which contained similar allegations. (Dkt. No. 9.)  The court granted the motion, staying proceedings until the resolution of the appeal in the separate case.  (Dkt. No. 12.)

On August 22, 2024, after the appeal was resolved, the court lifted the stay, granted the EPA an extension to respond to the complaint within sixty days, and ordered Magnate to obtain counsel within forty-five days.  (Dkt. No. 16.)

On October 4, 2024, Mr. Bates, acting pro se, filed a motion requesting additional time to secure counsel.  (Dkt. No. 17.)  He noted that Magnate had a prospective attorney, but the attorney wanted time to review any response from the EPA "before signing on."  (*Id.*)  The EPA filed its own motion requesting an extension of thirty days after Magnate obtained counsel to file its response.  (Dkt. No. 18.)  On October 21, 2024, the court granted both motions, giving Magnate an additional fourteen days to obtain counsel and extending the EPA's deadline to respond thirty days after Magnate's counsel entered an appearance.  (Dkt. No. 19.)  The court noted that "Magnate's potential counsel will have to make a decision without the benefit of EPA's answer."  (*Id.* at n.1.)

On November 4, 2024, Mr. Bates, acting pro se, filed a new set of motions: (1) a motion to reconsider the court's October 21 Order and grant a further 30-day extension to acquire counsel after receiving the EPA's response, (2) a motion to disqualify the EPA's counsel, arguing a conflict of interest due to their involvement in previous cases, and (3) a motion to remand the case to Judge Michael J. Urbanski.  (Dkt. No. 20.)  Each of these motions will be discussed in turn.

2

## II.  DISCUSSION

### A.  Plaintiff's Motion to Reconsider Order

Mr. Bates argues that due to the financial harm caused by the tort in this case, Magnate will need to obtain counsel on a contingency basis.  (Dkt. No. 20, 1.)  He further asserts that "no reasonable counsel would consider taking the [case] without [first] considering the defense's response," and therefore requests an additional thirty days to secure counsel, beginning from the date of the EPA's response.  (*Id.*)  He contends that this extension is necessary, particularly in light of the federal government's "favorable rulings in previous cases" and "since all arguments sounds reasonable until a response refutes."  (*Id.*)

"Under Rule 54(b), a district court retains the power to reconsider and modify its interlocutory judgments at any time prior to final judgment when such is warranted."  *U.S. Tobacco Coop. Inc. v. Big South Wholesale of Va., LLC*, 899 F.3d 236, 256 (4th Cir. 2018) (cleaned up) (internal citation omitted).  "Rule 54(b)'s approach involves broader flexibility to revise *interlocutory* orders before final judgment as the litigation develops and new facts or arguments come to light."  *Id.* (internal citation omitted).  However, the district court's discretion to modify a previous order "is not limitless."  (*Id.*)  The court may revise its order only upon a showing of: (1) new, "substantially different evidence," (2) a change in applicable law, or (3) "a clear error causing manifest injustice."  *Id.* (citing *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th 2017)).

"An improper use of the motion to reconsider can waste judicial resources and obstruct the efficient administration of justice."  *United States v. Duke Energy Corp.*, 218 F.R.D. 468, 474 (M.D.N.C. 2003) (internal citation and quotations omitted).  "The Fourth Circuit has emphasized that mere disagreement with the court's ruling does not warrant reconsideration."

*Zellner v. United States*, No. 2:99-CR-164, 2020 WL 5240579, at *2 (E.D. Va. Sept. 2, 2020) (citing *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)).

Since the court's October 21, 2024 Order, which required Magnate to obtain counsel within fourteen days, there has been no new evidence, nor any change in the applicable law. Additionally, there has been no clear error or other circumstance that would justify reconsideration. As noted in the court's previous orders (Dkt. Nos. 16, 19), a limited liability company is not allowed to appear in federal courts pro se. *In re Under Seal*, 749 F.3d 276, 290 n.17 (4th Cir. 2014); *see also, e.g.*, *United States v. Hagerman*, 545 F.3d 579, 581–82 (7th Cir. 2008) (holding that LLCs may not proceed pro se); *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) (explaining that lay persons cannot represent corporations, partnerships, or limited liability companies). Magnate has been without counsel since at least December 11, 2023—over twenty-one months ago.[1] Because none of the grounds for reconsideration are met, the court will deny Magnate's motion to reconsider its prior order.

**B. Plaintiff's Motion to Disqualify Counsel for the Defense**

Magnate argues that the U.S. Attorney's Office has a duty to investigate and prosecute violations of law. (Dkt. No. 20, 2.) However, he claims that the Office has ignored, dismissed, and defended the criminal actions involved in all three of Magnate's cases. (*Id.*) Based on this, Magnate contends that the U.S. Attorney is "[c]ompromised and [c]onflicted," and should therefore be disqualified as counsel for the EPA.

Because a motion to disqualify counsel can be abused for strategic purposes, the moving party bears a "high standard of proof" to justify the disqualification. *Tessier v. Plastic Surgery*

---

[1] This is the date on which Magnate's counsel was formally terminated from the case on the court's docket. As previously noted, a separate filing notes that Magnate's counsel was suspended from practicing law on November 6, 2023. (*See* Dkt. No. 9, ¶ 2.) An additional notice indicates that the same counsel was suspended again from practicing law on May 28, 2024. (*See* Dkt. No. 14.)

4

*Specialists, Inc.*, 731 F. Supp. 724, 729 (E.D. Va. 1990) (quoting *Gov't of India v. Cook Indus. Inc.*, 569 F.2d 737, 739 (2d Cir. 1978)). Disqualifying counsel is considered a "drastic" measure that should be free from "overly-mechanical adherence to disciplinary canons at the expense of litigants' rights freely to choose their counsel." *Shaffer v. Farm Fresh, Inc.*, 966 F.2d 142, 146 (4th Cir. 1992). While doubts in close cases are to be resolved in favor of disqualification, *United States v. Clarkson*, 567 F.2d 270, 273 n.3 (4th Cir. 1977), disqualification cannot rest on "mere speculation" of a theoretical occurrence, *Shaffer*, 966 F.2d at 145, but rather "some stronger objective indicator . . . than simple judicial intuition is needed to warrant the drastic step of disqualification of counsel," *id.* at 145–46.

In this case, Magnate has failed to meet this high standard. His motion seems to target the entire U.S. Attorney's Office for the Western District of Virginia without specifying any individual counsel. He argues that because the USAO has not pursued criminal actions in previous cases filed by Magnate, it should be disqualified from representing the EPA. This argument is based on "mere speculation" and does not provide the necessary objective evidence to justify such a drastic measure. Therefore, Magnate's motion to disqualify counsel for the EPA will be denied.

## C.  Plaintiff's Motion to Remand the Case to Judge Urbanski

Magante requests the court remand the case to Judge Michael J. Urbanski, noting previous rulings by this court with which Magnate disagrees. (Dkt. No. 20, 2–3.) The court construes Magnate's request as a motion for recusal. *See e.g.*, *Steward v. Gwaltney of Smithfield, Ltd.*, 954 F. Supp. 1118, 1126 (E.D. Va.), *aff'd*, 103 F.3d 120 (4th Cir. 1996) (treating a request to refer a case to another judge as a motion for recusal).

Under 28 U.S.C. § 455(a), a judge must disqualify herself in any proceeding in which her impartiality may reasonably be questioned. "Disqualification is required if a reasonable factual basis exists for doubting the judge's impartiality." *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987) (citing *Rice v. McKenzie*, 581 F.2d 1114, 1116 (4th Cir. 1978). "The proper test to be applied is whether another with knowledge of all of the circumstances might reasonably question the judge's impartiality." *Id.*

However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 551 (1994) (citation omitted). Opinions formed by judges during the course of the proceedings, or based on earlier proceedings, "do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 555. Even comments that are "critical or disapproving of, or even hostile to, counsel, the parties, or their cases" will only support recusal if they reveal that the judge's opinion stems from an extrajudicial source or if they exhibit "such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id.* at 555.

Magnate has provided no basis to justify recusal. While it expresses disagreement with prior rulings, such disagreement alone is not grounds for recusal. Nothing has been presented that calls into question the court's impartiality. Therefore, Magnate's motion to "remand" the case to Judge Urbanski, construed as a motion for recusal, will be denied.

### III.  CONCLUSION AND ORDER

For the foregoing reasons, it is hereby ORDERED as follows:

1. Magnate's Motion to Reconsider Order (Dkt No. 20) is DENIED;

2. Magante's Motion to Disqualify Counsel for the Defense (Dkt. No. 20) is DENIED; and

3. Magnate's Motion to Remand to Judge Urbanski's Court (Dkt. No. 20) is DENIED.

The clerk is directed to provide a copy of this memorandum opinion and order to Magnate, LLC and all counsel of record.[2]

Entered: September 22, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge

---

[2] The court notes that on September 8, 2025, the EPA filed a motion to dismiss the case with prejudice due to lack of prosecution. (Dkt. No. 21.) A Roseboro notice was subsequently sent to Magnate on September 15, 2025. (Dkt. No. 22.) Magnate has 28 days from the date of the notice to file a response. If no response is timely filed, the court may decide the matter without further notice.