CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED
12/17/2025
LAURA A. AUSTIN, CLERK
BY: **/s/ Amy Fansler**
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| MAGNATE, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 5:23-cv-00070 |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | ) By: Elizabeth K. Dillon<br>) Chief United States District Judge |
| Defendant. | ) |

**MEMORANDUM OPINION**

Plaintiff Magnate, LLC ("Magnate") brings this action against the United States Environmental Protection Agency ("EPA" or "United States"), alleging fraudulent signage posted on Magnate's building. (*See* Compl., Dkt. No. 1.) Pending before the court is the United States' motion to dismiss for lack of prosecution. (Dkt. No. 21.) A pro se response has been filed by Mr. Darryl W. Bates, acting on behalf of Magnate. (Dkt. No. 25.) For the reasons set forth below, the court will grant the United States' motion and dismiss this case with prejudice.

I.  BACKGROUND

On November 5, 2023, Magnate, through counsel, filed a lawsuit against the EPA, alleging fraudulent signage posted on Magnate's building. (Compl.) The following day, Magnate's counsel was suspended from practicing law for six months, effective November 6, 2023. (Dkt. No. 9, ¶ 2.) On December 11, 2023, Magnate's counsel was terminated on the docket. On January 16, 2024, Bates, acting pro se on behalf of Magnate, filed a corporate disclosure statement. (Dkt. No. 4.) Summons was issued on January 31, 2024, and service of the complaint was effectuated on February 2, 2024. (Dkt. Nos. 6, 8.)

Subsequently, on April 2, 2024, EPA moved the court for a stay of time to file an answer or otherwise respond to the complaint, pending a decision by the Fourth Circuit in an appeal involving a separate case filed by Magnate against the EPA, which contained similar allegations. (Dkt. No. 9.) The court granted the motion, staying proceedings until the resolution of the appeal in the separate case. (Dkt. No. 12.)

On August 22, 2024, after the appeal was resolved, the court lifted the stay, granted the EPA an extension to respond to the complaint within sixty days, and ordered Magnate to obtain counsel within forty-five days. (Dkt. No. 16.)

On October 4, 2024, Bates filed a motion requesting additional time to secure counsel. (Dkt. No. 17.) He noted that Magnate had a prospective attorney, but the attorney wanted time to review any response from the EPA "before signing on." (*Id.*) The EPA filed its own motion requesting an extension of thirty days after Magnate obtained counsel to file its response. (Dkt. No. 18.) On October 21, 2024, the court granted both motions, giving Magnate an additional fourteen days to obtain counsel and extending the EPA's deadline to respond thirty days after Magnate's counsel entered an appearance. (Dkt. No. 19.) The court noted that "Magnate's potential counsel will have to make a decision without the benefit of EPA's answer." (*Id.* at n.1.)

On November 4, 2024, Bates filed a new set of motions: (1) a motion to reconsider the court's October 21 Order and grant a further 30-day extension to acquire counsel after receiving the EPA's response, (2) a motion to disqualify the EPA's counsel, arguing a conflict of interest due to their involvement in previous cases, and (3) a motion to remand the case to Judge Michael Urbanski. (Dkt. No. 20.) The court denied all three motions. (Dkt. No. 24.)

With Magnate still being without counsel, the EPA moved to dismiss the case under Federal Rule of Civil Procedure 41(b) on the grounds that Magnate has failed to prosecute its

lawsuit and repeatedly ignored the court's orders to obtain counsel.  (Dkt. No. 21.)  Despite being given multiple extensions and clear deadlines, Magnate—an LLC that cannot appear pro se—has gone more than ten months without securing counsel since the court's initial order to do so.  The EPA argues that Magnate's noncompliance and delay warrant dismissal with prejudice.

In his pro se response, Bates "agrees to the dismissal of this case, but not under [R]ule 41(b), but on the grounds of lack of counsel (Rule 4)."  He requests that the dismissal be "without prejudice to any other case pending before the court" and asks for "an immediate ruling on Bates' pro se case."[1]  (Dkt. No. 25, 3.)

## II.  DISCUSSION

Although Bates does not oppose dismissal, the court will independently evaluate the United States' motion to dismiss the case for failure to prosecute under Rule 41(b).[2]

Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  In exercising its discretion to dismiss a case under Rule 41(b), a district court should weigh: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal."  *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (citing *Hillig v. C.I.R.*, 916 F.2d 171, 174 (4th Cir. 1990)).

---

[1] Bates filed his response on October 10, 2025.  (Dkt. No. 25.)  A few weeks earlier, on September 25, 2025, this court had already resolved his separate pro se action against the EPA, dismissing it without prejudice.  *See Bates v. United States Env't Prot. Agency*, No. 5:24-CV-00058, 2025 WL 2734570, at *1 (W.D. Va. Sept. 25, 2025).  Accordingly, the separate case for which Bates seeks an "immediate ruling" has already been decided.

[2] Bates asserts that dismissal should be granted under Rule 4. The court disagrees.  Rule 4 of the Federal Rules of Civil Procedure addresses the issuance and service of summons and is therefore inapplicable to the United States' pending motion to dismiss for failure to prosecute.  This motion is properly brought under Rule 41(b).

3

Weighing these factors, the court finds dismissal appropriate. Magnate has been without counsel since at least December 11, 2023—approximately two years.[3] The court has given Magnate considerable leeway in finding replacement counsel, first ordering that Magnate obtain counsel within forty-five days after its August 22, 2024 Order. (Dkt. No. 16.) When Magnate filed a pro se motion for an extension of time to obtain counsel, the court granted that motion and gave Magnate an additional fourteen days to find counsel—extending the deadline to November 4, 2024. (Dkt. No. 19.) More than a year has now passed since that deadline, and Magnate still has not obtained counsel.

Magnate's inability to secure counsel is a matter of its own responsibility; it has prejudiced the United States; the case has been drawn out far too long; and sanctions less drastic than dismissal are not appropriate because there is no indication that Magnate will ever obtain counsel to prosecute this action. Moreover, Magnate agrees to the dismissal of this case. Therefore, the court will dismiss this action with prejudice.[4] *See Jacob v. Truist Bank*, No. CV DKC 24-1176, 2025 WL 3077640, at *3 (D. Md. Nov. 4, 2025) (finding dismissal with prejudice warranted because plaintiff repeatedly failed to prosecute her case or comply with court warnings, despite multiple opportunities and clear notice of the consequences).

---

[3] As noted above, this is the date on which Magnate's counsel was formally terminated from the case on the court's docket. A separate filing notes that Magnate's counsel was suspended from practicing law on November 6, 2023. (*See* Dkt. No. 9, ¶ 2.) An additional notice indicates that the same counsel was suspended again from practicing law on May 28, 2024. (*See* Dkt. No. 14.)

[4] The court notes that Magnate brought a similar action against the EPA in 2022, though with slightly different allegations. This court dismissed that case with prejudice on the grounds that the EPA's actions fell within the discretionary function exception to the FTCA. *See Magnate, LLC v. United States Env't Prot. Agency*, 678 F. Supp. 3d 767 (W.D. Va. 2023), *aff'd as modified*, No. 23-1768, 2024 WL 2355374 (4th Cir. May 23, 2024). On appeal, the Fourth Circuit affirmed, but modified the order to reflect dismissal without prejudice. *Magnate, LLC*, No. 23-1768, 2024 WL 2355374, *1 (citing *Ali v. Hogan*, 26 F.4th 587, 600 (4th Cir. 2022) (explaining that dismissals for lack of subject matter jurisdiction must be without prejudice)). Because the present action is yet another suit by Magnate against the EPA regarding the same events, and because the grounds for dismissal here are not jurisdictional, the court finds that dismissal with prejudice is appropriate.

## III.  CONCLUSION

For the reasons set forth above, the court will grant the United States' motion to dismiss for failure to prosecute.  This case will be dismissed with prejudice.  An appropriate order will be entered.

Entered: December 17, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge